IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY REIMER, an individual,<br><br>      Plaintiff,<br><br>  vs.<br><br>KUKI'O GOLF AND BEACH CLUB, INC., a Hawaii corporation; MELANIE AIONA, an individual; DOES 1-10; and ROE CORPORATIONS 1-10,<br><br>      Defendants. | CIVIL 12-00408 LEK-BMK |

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is Defendants Kuki'o Golf and Beach Club, Inc. ("the Club"), and Melanie Aiona's (collectively, "Defendants") Motion for Partial Summary Judgment ("Motion"), filed on March 11, 2013. [Dkt. no. 45.] Plaintiff Jeffrey Reimer ("Reimer") filed a memorandum in opposition to the Motion on March 27, 2013, [dkt. no. 49,] and the Club filed its reply on March 29, 2013. [Dkt. no. 51].[1] The Court finds this matter suitable for disposition without a hearing pursuant to Rules LR7.2(d) and LR74.2 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local

---

[1] In their reply, Defendants move to strike Reimer's declaration, attached as Exhibit 1 to Reimer's memorandum in opposition to the Motion. [Dkt. no. 51.] The Court denies Defendants' request to strike the declaration.

Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, the Court HEREBY GRANTS the Motion for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background in this case is set forth in this Court's February 7, 2013 Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment.  2013 WL 504866.

In the instant Motion, Defendants argue that Reimer's claim for violation of the Americans with Disabilities Act ("ADA") (Count I of the Complaint) should be dismissed because the Club is a private club and thus not subject to the ADA.

## STANDARD

Summary judgment shall be granted if the evidence supporting the motion for summary judgment shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A party moving for summary judgment may carry its initial burden by pointing out to the district court that there is an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.  If the non-moving party bears the burden of proof at trial, the moving party may carry its burden by showing an absence of evidence to support the non-moving party's case.  Id. at 323.  Here, Reimer bears the burden of producing evidence sufficient to defeat summary judgment regarding Defendants' alleged ADA violation, as he would bear the burden of proving that violation at trial. Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1048 (9th Cir. 2008).

To avoid summary judgment, the non-movant must set forth specific facts showing that there remains a genuine issue of material fact for trial.  Celotex, 477 U.S. at 324.  The non-movant "may not rest upon the mere allegations or denials of the adverse party's pleading."  A factual dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor.  Id. at 255.  If the nonmoving party's evidence is merely colorable or is not significantly probative, then summary judgment may be granted.  Id. at 249-50.

**DISCUSSION**

Title III of the ADA provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

>  privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).  Defendants seek dismissal of Reimer's Title III claim because they claim that the Club is not a "place of public accommodation."  This Court agrees.

Title III includes an exhaustive list of private entities that are nevertheless considered "places of public accommodation" for purposes of the ADA.  The list includes, <u>inter alia</u>:

>  (A) an inn, hotel, motel, or other place of lodging . . .;
>
>  (B) a restaurant, bar, or other establishment serving food or drink;
>
>  (C) a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment;
>
>  (D) an auditorium, convention center, lecture hall, or other place of public gathering;
>
>   . . .
>
>  (L) a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation.

42 U.S.C. § 12181(7)(L).

Section 12187 of the ADA states that "[t]he provisions of [Title III] shall not apply to private clubs or establishments exempted from coverage under Title II of the Civil Rights Act." 42 U.S.C. § 12187.  Title II of the Civil Rights Act, in turn, exempts from coverage any "private club or other establishment

not in fact open to the public." 42 U.S.C. § 2000a(e); see also Clegg v. Cult Awareness Network, 18 F.3d 752, 755 n. 3 (9th Cir. 1994) ("Only when the facilities are open to the public at large does Title II govern."). As such, the determination of whether a facility is a "public accommodation," rather than a "private club," for purposes of coverage by the ADA turns on whether the facility is open "indiscriminately to other members of the general public." Jankey v. Twentieth Century Fox Film Corp., 14 F. Supp. 2d 1174, 1178 (C.D. Cal. 1998), aff'd 212 F.3d 1159 (9th Cir. 2000); see also 42 U.S.C. § 12181(10) (covered public transportation is that which "provides the general public with general or special service . . ."); 28 C.F.R. § 36.308(a)(1)(ii)(B) (covered assembly areas must "provide lines of sight and choice of admission prices comparable to those for members of the general public").

Among the factors courts consider in determining whether a facility is genuinely "private," and therefore exempt, are the following: the selectivity of the group in admitting members, the membership's control over the operations of the club, the history of the organization, the use of the facilities by nonmembers, the purpose of the club's existence, whether the club advertises for members to the public, the club's for-profit or non-profit status, and the formalities observed by the club (the existence of bylaws, meetings, membership cards, etc.).

Jankey, 14 F. Supp. 2d at 1179 (citing United States v. Lansdowne Swim Club, 713 F. Supp. 785, 796-97 (E.D. Pa. 1989)).

In applying these factors to the Club here, the Court concludes that it is a private club for purposes of Title III of the ADA.  First, the Club's membership process is selective.  Membership is by invitation only and the membership fee is quite substantial; members must own a home in the Club community, as well as pay quarterly fees.  In the Complaint, Reimer states that he was required to contribute "over $180,000.00" to become a member, and paid quarterly dues for the first quarter of 2012 in the amount of $9,500.00.  [Compl. at ¶¶ 21-22.]

Further, the Club facilities are not available for use by the general public.  [Motion, Affidavit of Michael Meldman ("Meldman Aff.") at ¶ 9.]  Only members, their spouses, and their immediate families (children, parents, grandchildren, and children's spouses) are permitted to use the facilities.  [Id., Meldman Aff., Exh. 1 (Membership Plan) at 5-6.]  Members are permitted to invite guests to use the Club facilities, but they must pay a guest fee, and the Club has the authority to limit the total number of guests permitted for each member per year.  [Id. at 6.]

Reimer argues that the Club cannot be private because nonmembers are invited onto the Club property "on a regular basis."  [Mem. in Opp., Decl. Of Jeffrey Reimer ("Reimer Decl.")

6

at ¶ 8.]  Reimer further alleges that Club Management routinely invites nonmembers onto the Club premises for various functions, including golf tournaments, political speeches, fundraisers, and parties.  [Id. at ¶¶ 12, 14.]  Reimer bears the burden of showing a violation of the ADA; the unsupported claims made in his declaration, absent more, cannot support a finding that nonmember use of the Club is so pervasive as to make it a place of public accommodation.  See Doran, 524 F.3d at 1148 (finding that a plaintiff's own testimony regarding defendant's ADA compliance, absent more, was insufficient to establish a factual issue and overcome summary judgment).  Further, even taking Reimer's statements as true, occasional use of the Club facilities by nonmembers invited by Club Management or Club members does not convert the Club into a place of public accommodation under the ADA.  See Jankey, 14 F. Supp. 2d at 1178 ("A private club with a 'limited guest policy,' in which guests are not permitted 'unfettered use of facilities,' is not a public accommodation for purposes of the ADA, despite evidence of 'isolated incidents' in which the limited guest policy was not followed.")(citing Kelsey v. University Club of Orlando, 845 F. Supp. 1526, 1529 (M.D. Fla. 1994)).

  The other factors relevant to a determination as to whether the Club is a place of public accommodation likewise weigh in favor of a finding that the Club is private for purposes

of the ADA.  The Club is a non-profit entity offering equity membership to those invited.  Equity members are entitled to vote on Club business.  [Motion, Meldman Aff., Exh. 1 (Membership Plan) at 5.]  Further, the Club does not appear to advertise its facilities to the general public.  [Id., Meldman Aff. at ¶ 10.]  As such, the Court FINDS that the Club is not a place of public accommodation for purposes of Title III of the ADA.

Under Celotex, 477 U.S. at 322, summary judgment is proper against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  That is the case here.  On this basis, the Court GRANTS the Motion and FINDS that the Club is not a "place of public accommodation" covered by the ADA.

### CONCLUSION

On the basis of the foregoing, Defendants' Motion for Partial Summary Judgment, filed on March 11, 2013, is HEREBY GRANTED.  Summary judgment is GRANTED as to Count I of the Complaint.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 11, 2013.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JEFFREY REIMER V. KUKI'O GOLF AND BEACH CLUB, INC., ET AL; CIVIL NO. 12-00408 LEK-BMK; ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**