IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEFFREY REIMER, an individual, | ) ) ) | CIVIL 12-00408 LEK-BMK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| KUKI'O GOLF AND BEACH CLUB, INC., a Hawaii corporation; MELANIE AIONA, an individual; DOES 1-10; and ROE CORPORATIONS 1-10, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING REIMER'S MOTION TO
CERTIFY ORDER GRANTING DEFENDANTS' MOTION
<u>FOR PARTIAL SUMMARY JUDGMENT AS FINAL</u>**

Before the Court is Plaintiff Jeffrey Reimer's ("Reimer") Motion to Certify Order Granting Defendants' Motion for Partial Summary Judgment as Final, filed on May 8, 2013 ("Motion"). [Dkt. no. 56.] The Court finds this matter suitable for disposition without a hearing pursuant to Rules LR7.2(d) and LR74.2 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion and the relevant legal authority, the Court HEREBY DENIES the Motion for the reasons set forth below.

<u>**BACKGROUND**</u>

The relevant factual and procedural background in this

case is set forth in this Court's April 11, 2013 Order Granting Defendants' Motion for Partial Summary Judgment ("4/11/13 Order"). Reimer v. Kuki'o Golf & Beach Club, Inc., Civ. No. 12-00408 LEK-BMK, 2012 WL 1501522 (D. Hawai`i Apr. 11, 2013). In the 4/11/13 Order, the Court dismissed Reimer's claim against Defendants Kuki'o Golf and Beach Club, Inc. ("the Club"), and Melanie Aiona (collectively, "Defendants") for violation of the Americans with Disabilities Act ("ADA") (Count I of the Complaint), finding that the Club is a private club and thus not subject to the ADA. Id. at *3-4.

In the instant Motion, Reimer asks the Court to certify its 4/11/13 Order as final and appealable pursuant to Federal Rule of Civil Procedure 54(b).

### DISCUSSION

Rule 54(b) provides, in relevant part:

> When an action presents more than one claim for relief-whether as a claim, counterclaim, crossclaim, or third-party claim-or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The Ninth Circuit has explained the process by which a district court may direct entry of final judgment as to one claim in a multi-claim suit:

> A district court must first determine that it has rendered a "final judgment," that is, a judgment that is "'an ultimate disposition of an individual

>claim entered in the course of a multiple claims action.'" Curtiss-Wright [Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)], (quoting [Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)]). Then it must determine whether there is any just reason for delay. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" Id. at 8, 100 S.Ct. 1460 (quoting Mackey, 351 U.S. at 437, 76 S.Ct. 895). Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests "is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Id. (quoting Mackey, 351 U.S. at 438, 76 S.Ct. 895).

Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005).

The Court should "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Curtiss-Wright, 446 U.S. at 8. In determining whether to grant certification, courts must consider the judicial administrative interest in avoiding "piecemeal appeals," as well as the other equities involved. Id.; see also 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 2659 (1998) ("It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider

again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties.").

Applying these factors here, the Court concludes that entering a separate judgment under Rule 54(b) in favor of Defendants as to Count I of the Complaint is not "in the interest of sound judicial administration," and may result in unnecessary piecemeal appeals.  While there has been a final decision as to Count I against Reimer, Counts II (breach of contract), III (breach of the covenant of good faith and fair dealing), and a portion of Count IV (negligence) remain before this Court.  See Reimer, 2013 WL 504866 (D. Hawai`i Feb. 7, 2013).  The Court notes that all of the counts in the Complaint arise from the same core of factual allegations: that the Club allegedly unlawfully and unreasonably suspended Reimer's access to and use of the Club facilities after he made a comment that a Club employee perceived as a "verbal assault," but that Reimer claims was a manifestation of his Traumatic Brain Injury.  Because of the substantial factual overlap between the claims in Count I and the remaining claims, entering a separate judgment as to Count I at this time would likely result in multiple appeals involving the same issues.  Under such circumstances, where there are "different theories of adverse treatment arising out of the same factual relationship, . . . the issues and claims at stake are not truly

separable, and should not be separated artificially, for purposes of Rule 54(b)."  Wood, 422 F.3d at 881.  In such circumstances, "[a] similarity of legal or factual issues . . . weigh heavily against entry of judgment under [Rule 54(b)]."  Id. at 882. (alterations in original) (quoting Morrison-Knudson Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981)).  As such, the Court DENIES the Motion.

## CONCLUSION

On the basis of the foregoing, Reimer's Motion to Certify Order Granting Defendants' Motion for Partial Summary Judgment as Final, filed on May 8, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 14, 2013.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JEFFREY REIMER V. KUKI`O GOLF AND BEACH CLUB, INC.; CIVIL NO. 12-00408 LEK-BMK; ORDER DENYING REIMER'S MOTION TO CERTIFY ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS FINAL**