IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEFFREY REIMER, an individual, | ) ) ) | CIVIL 12-00408 LEK-BMK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| KUKI'O GOLF AND BEACH CLUB, INC., a Hawaii corporation; MELANIE AIONA, an individual; DOES 1-10; and ROE CORPORATIONS 1-10, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Before the Court is Defendant Kuki`o Golf and Beach Club, Inc.'s ("Defendant")[1] Motion for Judgment as a Matter of Law ("Motion"), filed on April 21, 2014. [Dkt. no. 173.] Plaintiff Jeffrey Reimer ("Plaintiff") filed his memorandum in opposition on April 22, 2014. [Dkt. no. 174.] This matter came on for hearing on April 22, 2014. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Defendant's Motion is HEREBY DENIED for the reasons set forth below.

---

[1] This Court will use the term "the Club" to refer to Kuki`o Golf and Beach Club and the term "Kuki`o" to refer to the development of properties, the owners of which may purchase memberships at the Club.

**STANDARD**

Defendant brings the instant Motion pursuant to Fed. R. Civ. P. 50, which states, in pertinent part:

(a) Judgment as a Matter of Law.

    (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

        (A) resolve the issue against the party; and

        (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

    (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

The standard for judgment as a matter of law mirrors that for granting summary judgment. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-50 (2000). "[I]n entertaining a motion for judgment as a matter of law, the court . . . may not make credibility determinations or weigh the evidence." Id. at 149. Rather, the court "must view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Josephs v. Pac. Bell, 443 F.3d 1050, 1062 (9th Cir. 2006). Where there is sufficient

conflicting evidence, or if reasonable minds could differ over the verdict, judgment as a matter of law is improper. Pierson v. Ford Motor Co., No. C 06-6503 PJH, 2009 WL 3458702, at *1 (N.D. Cal. Oct. 23, 2009). Thus, "[a] district court can grant a Rule 50(a) motion for judgment as a matter of law only if there is no legally sufficient basis for a reasonable jury to find for that party on that issue." Krechman v. Cnty. of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013) (citations and internal quotation marks omitted).

## DISCUSSION

### I. Whether Plaintiff Breached the Agreement

In his contractual claims, breach of contract (Count II) and breach of the covenant of good faith and fair dealing (Count III), Plaintiff alleges that Defendant breached the Beach and Golf Club Membership Purchase Agreement ("the Club Agreement") by failing to follow the requirements for disciplinary actions against members, which are set forth in the Club's Governing Documents.[2] The Club's Governing Documents provide that, during the pendency of a proposed disciplinary action, the member is entitled to enjoy all of the Club

---

[2] The Club's "Governing Documents" consist of its Articles of Incorporation, Bylaws, Club Transfer Agreement, Membership Plan, and the Club's rules and regulations. The Governing Documents apply to the Club Agreement.

3

privileges that he was entitled enjoy to before the complaint against him.  Defendant, however, suspended Plaintiff from using the Club pending an investigation into the profanity that Plaintiff allegedly directed at Melanie Aiona on January 13, 2012 ("the Aiona Incident").[3]  Further, although Plaintiff, through his attorney, requested a hearing to respond to the allegations, Defendant failed to provide Plaintiff with a hearing.  Defendant first argues that Plaintiff cannot recover damages for his contractual claims because, even assuming, *arguendo*, that Defendant breached the Club Agreement, Defendant's breach was excused because Plaintiff first breached the Club Agreement by verbally abusing, or acting inappropriately toward, Aiona.

Hawai`i law recognizes the rule that one party's **material** breach of the contract excuses the other party's nonperformance of the contract.  See, e.g., Sw. Slopes, Inc. v. Lum, 81 Hawai`i 501, 508, 918 P.2d 1157, 1164 (Ct. App. 1996) ("The seller's material breach of the contract excuses the buyer's nonperformance." (citing 17A Am. Jur. 2d Contracts § 664

---

[3] It is undisputed that, at the time of the Aiona Incident, Plaintiff, through a corporate entity, owned two properties in Kuki`o, and Plaintiff was an equity member of the Club.  It is undisputed that, Plaintiff, through the corporate entity, currently owns one of the properties ("the Property").  It also appears that Plaintiff is still a member of the Club, although it is undisputed that Plaintiff has not returned to the Club since the Aiona Incident.

4

(1991)). This Court, however, finds that the facts of the instant case are distinguishable from the facts of cases such as Southwest Slopes and the case that Defendant relies upon. [Mem. in Supp. of Motion at 4 (citing PR Pension Fund v. Nakada, 8 Haw. App. 480, 491 (1991)).] This Court therefore concludes that the defense that a breach of contract is excused by the other party's prior breach is inapplicable to the instant case. Defendant's Motion is DENIED as to the issue regarding Plaintiff's alleged breach of the Club Agreement.

## II. The Duty of Care at Issue in Plaintiff's Negligence Claim

Defendant next argues that it is entitled to judgment as a matter of law because Plaintiff failed to present expert testimony in support of his negligence claim (Count VIII). Defendant argues that, without expert testimony, Plaintiff cannot establish either the duty of care that Defendant owed to Plaintiff or the breach of that duty.[4]

---

[4] Plaintiff argues that whether Defendant owes Plaintiff a duty of care is a question of law and, therefore, expert testimony is not required. This Court does not construe Defendant's Motion as arguing that an expert witness was necessary to establish the **existence** of a duty of care. This Court construes Defendant's Motion as arguing that expert testimony was necessary to establish the nature and scope of the duty of care, *i.e.* the standard of care, that Defendant owed to Plaintiff. This Court concludes, as a matter of law, that Defendant owed Plaintiff a duty of care by virtue of the relationship established in the Club Agreement. The nature and scope of that duty, and whether Defendant breached that duty, are at issue in the trial.

5

Under Hawai`i law, expert testimony is not necessary to establish "'the applicable standard of care'" in "'an ordinary negligence case.'" Barbee v. Queen's Med. Ctr., 119 Hawai`i 136, 159, 194 P.3d 1098, 1121 (Ct. App. 2008) (quoting Craft v. Peebles, 78 Hawai`i 287, 298, 893 P.2d 138, 149 (1995)). The Hawai`i Intermediate Court of Appeals has stated:

> "It is well settled that in medical malpractice actions, the question of negligence must be decided by reference to relevant medical standards of care for which **the plaintiff carries the burden of proving through expert medical testimony**.'" Craft v. Peebles, 78 Hawai`i 287, 298, 893 P.2d 138, 149 (1995) (emphasis added) (citation omitted). As further explained, "[t]he standard of care to which a doctor has failed to adhere must be established by expert testimony because a jury generally lacks the requisite special knowledge, technical training, and background to be able to determine the applicable standard without the assistance of an expert." Id. (Citation and internal quotation marks omitted).

Ralston v. Yim, 128 Hawai`i 42, 45-46, 282 P.3d 584, 587-88 (Ct. App. 2012) (emphasis in Ralston).

Although the instant case involves medical evidence regarding Plaintiff's injuries and disabilities, the instant case is an "ordinary negligence case." The jury in this case does not need special knowledge, technical training, or a specialized background to determine the applicable standard of care. The jurors are capable of determining the standard of care based on their "common knowledge or ordinary experience." See Craft, 78

Hawai`i at 298, 893 P.2d at 149 (citations and internal quotation marks omitted).

This Court therefore rejects Defendant's argument that Plaintiff failed to carry his burden of proof as to his negligence claim because he did not present expert testimony regarding the applicable standard of care. Defendant's Motion is DENIED as to this issue.

### III. **Effect of the March 23, 2012 Reinstatement Letter**

Defendant argues that, even assuming, *arguendo*, that Plaintiff is entitled to recover damages on his contractual claims, this Court must rule that, as a matter of law, Plaintiff is precluded from recovering contractual damages after the March 23, 2012 letter, which Defendant argues unconditionally reinstated Plaintiff's use of the Club.

The Hawai`i Supreme Court has recognized that:

> [i]n contract or in tort, the plaintiff has a duty to make every reasonable effort to mitigate his [or her] damages. The burden, however, is upon the defendant to prove that mitigation is possible, and that the injured party has failed to take reasonable steps to mitigate his [or her] damages.

Tabieros v. Clark Equip. Co., 85 Hawai`i 336, 373, 944 P.2d 1279, 1316 (1997) (alterations in Tabieros) (quoting Malani v. Clapp, 56 Haw. 507, 517, 542 P.2d 1265, 1271 (1975)).

There has been sufficient conflicting evidence such that reasonable minds could differ over the verdict on the issue

of whether Plaintiff's refusal to return to the Club constituted a failure to make every reasonable effort to mitigate his damages. Thus, Court concludes that there is a legally sufficient basis to support a reasonable jury's finding for Plaintiff on this issue. See Krechman, 723 F.3d at 1109. Defendant's Motion is DENIED as to the mitigation of damages issue.

## IV. Plaintiff's Burden of Proof as to Contract Damages

Defendant urges this Court to rule, as a matter of law, that Plaintiff cannot recover contractual damages based upon the alleged loss in the value of his Property. Defendant emphasizes that the governing documents for Plaintiff's Club membership are separate and apart from the purchase agreement for Plaintiff's Property, and Defendant argues that "[t]he Governing Documents did not contemplate damages resulting to the purchased property and from disciplinary action against a Member." [Mem. in Supp. of Motion at 13.]

The Hawai`i Supreme Court has stated:

> "It is now a well established principle in the law of damages that, when one sustains a loss by breach of a contract, he is entitled to have just compensation commensurate with his loss" and "that damages awarded should be in such amount as will actually or as precisely as possible compensate the injured party." Ferreira v. Honolulu Star-Bulletin, Ltd., 44 Haw. 567, 573-74, 356 P.2d 651, 655, *reh'g denied*, 44 Haw. 581, 357 P.2d 112 (1960). The Ferreira rule is limited by the doctrines of legal causation and

8

> foreseeability enunciated by the court in <u>Jones [v. Johnson]</u> as follows:
>
>> The general rule is that in an action for damages for breach of contract only such damages can be recovered as are the natural and proximate consequence of its breach; that the damages recover-able must be incidental to the contract and be caused by its breach; as the cases express it, "such as may reasonably be supposed to have been in the contemplation of the parties at the time the contract was entered into."
>
> 41 Haw. [389,] 393 [(Terr. 1956)] (citation omitted).

<u>Amfac, Inc. v. Waikiki Beachcomber Inv. Co.</u>, 74 Haw. 85, 128, 839 P.2d 10, 32-33 (1992) (some citations omitted).

Plaintiff has presented evidence that only property owners in Kuki`o are eligible to purchase memberships in the Club. Plaintiff has also presented evidence that the Club and its amenities are marketed as attractive features of the Kuki`o properties. Based on this and other related evidence, this Court finds that there has been sufficient conflicting evidence such that reasonable minds could differ over the verdict on the issue of whether Plaintiff may recover contract damages based upon the alleged loss in value of his Property. Thus, this Court concludes that there is a legally sufficient basis to support a reasonable jury's finding for Plaintiff on this issue, and this Court DENIES Defendant's Motion as to this issue.

- **Plaintiff's Burden of Proof as to Tort Damages**

Finally, Defendant argues that it is entitled to judgment as a matter of law as to Plaintiff's negligence claim because Plaintiff has not carried his burden of proof as to any damages for his negligence claim.

"It is well-settled that plaintiffs have the burden of proving the elements of a negligence action — duty, breach of duty, causation, and damages." Adams v. Yokooji, 126 Hawai`i 420, 426, 271 P.3d 1179, 1185 (Ct. App. 2012) (citing Takayama v. Kaiser Found. Hosp., 82 Hawai`i 486, 498–99, 923 P.2d 903, 915–16 (1996)); see also Weite v. Momohara, 124 Hawai`i 236, 253, 240 P.3d 899, 916 (Ct. App. 2010) ("Damages comprise an essential element of a negligence claim." (citing Cho v. State, 115 Hawai`i 373, 379 n.11, 168 P.3d 17, 23 n.11 (2007))).

There has been sufficient conflicting evidence such that reasonable minds could differ over the verdict on the issue of whether Plaintiff has carried his burden of proof as to the damages associated with his negligence claim. Thus, this Court concludes that there is a legally sufficient basis to support a reasonable jury's finding for Plaintiff on this issue, and this Court DENIES Defendant's Motion as to this issue.

**CONCLUSION**

On the basis of the foregoing, Defendant's Motion for Judgment as a Matter of Law, filed April 21, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 22, 2014.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JEFFREY REIMER V. KUKI`O GOLF & BEACH CLUB, ET AL.; CIVIL 12-00408 LEK-BMK; ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**