IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY REIMER<br><br>    Plaintiff,<br><br>vs.<br><br>KUKIO GOLF AND BEACH CLUB, INC., ET AL.<br><br>    Defendant. | CIV. NO. 12-00408 LEK-BMK<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS

Before the Court is Plaintiff Jeffrey Reimer's ("Reimer") Motion for Attorneys' Fees and Costs. (Doc. 201.) Reimer requests attorneys' fees in the amount of $503,459.75, and costs in the amount of $103,180.73.

After careful consideration of the Motion, and the supporting and opposing memoranda, the Court recommends Reimer's Motion be GRANTED IN PART AND DENIED IN PART.[1] The Court recommends Reimer be awarded $1,471.60 in attorneys' fees, and $9,833.15 in costs.

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

## FACTUAL BACKGROUND

The facts of this case are set out in Judge Leslie E. Kobayashi's February 7, 2013, Order Granting in Part and Denying In Part Plaintiff's Motion for Summary Judgment. (Doc. 41.) Accordingly the Court provides only an abbreviated summary of the procedural history relevant to the present Motion.

Pursuant to 28 U.S.C. § 1331, Reimer filed a ten Count Complaint against Kukio Golf And Beach Club, Inc. ("Kuki'o") and its employee Melanie Aiona ("Aiona"), arising from the suspension of Reimer's club membership after he allegedly made derogatory comments to Aiona. Reimer's Complaint alleged: 1) Violation of the Americans With Disabilities Act ("ADA"); 2) Breach of Contract; 3) Breach of the Covenant of Good Faith and Fair Dealing; 4) Defamation; 5) Intentional Misrepresentation; 6) Negligent Misrepresentation; 7) Negligent Hiring and Retention; 8) Negligent Supervision; 9) Negligence; and 10) Declaratory Relief. (Doc. 1.)

Judge Kobayashi granted summary judgment for Defendants on Reimer's ADA claim. (Doc. 53.) Reimer's claims for Defamation, Intentional and Negligent Misrepresentation, and Negligent Hiring and Supervision were transferred to arbitration, and subsequently disposed of by a Stipulation to Dismiss. (See Docs. 41, 163) Reimer's remaining claims: 1) Breach of Contract, 2) Breach

of the Covenant of Good Faith and Fair Dealing, and 3) Negligence were litigated before a jury beginning on April 15, 2014.

The jury found Kuki'o in breach of contract and of the covenant of good faith and fair dealing, and guilty of negligence. (Doc. 188 at 1-2.) The jury, however, also found that Reimer himself was negligent and apportioned liability 50/50 between Reimer and Kuki'o. (Id. at 3.) The jury subsequently awarded Reimer $7,163.93 in damages for the breach of contract and the covenant of good faith and fair dealing. (Doc. 189 at 1.) This amount was reduced to $5,866.39, however, due to Reimer's failure to mitigate $1,297.54 in damages. (Id. at 2.) The jury awarded Reimer nothing in damages for his negligence claim, presumably due to the parties' shared 50/50 negligence. (Id.)

Reimer now moves for attorneys' fees in the amount of $503,459.75, and costs in the amount of $103,180.73.

## DISCUSSION

I. <u>Attorney's Fees</u>.

    A.    <u>Contract Claims</u>

Hawaii Revised Statutes ("HRS") § 607-14 provides in relevant part that,

> in all actions in the nature of assumpsit . . . there shall be taxed as attorneys' fees, to be paid by the losing party . . . a

> fee that the court determines to be reasonable; provided
> that the attorney representing the prevailing party shall
> submit to the court an affidavit stating the amount of time
> the attorney spent on the action . . . . provided that this
> amount shall not exceed twenty-five per cent of the
> judgment.

Under section 607-14 the decision to award fees to the winning party in an assumpsit action is non-discretionary. Attorneys' fees "shall be taxed" to the losing party. See Forbes v. Hawaii Culinary Corp., 846 P.2d 609, 615 (Haw. App. 1997) (holding HRS § 607-14 "mandates an award of attorneys' fees" to the prevailing party in all actions in the nature of assumpsit.). Similarly, courts are not granted discretion to award fees over and above twenty-five per cent of the judgment. See Wong v. Takeuchi, 961 P.2d 611, 616 (Haw. 1998) (25% "statutory cap is the maximum total amount that may be awarded" in an assumpsit action).

As to Reimer's contract claims, the Court finds that Reimer was the prevailing party. The jury found Kuki'o had breached their own club membership agreement and violated the covenant of good faith and fair dealing. Accordingly, Reimer is entitled to an award of fees under HRS § 607-14. Reimer's fee award is strictly limited, however, to 25% of the judgment he received. In light of the plain language of HRS § 607-14 and Wong, the Court finds Reimer's unsupported assertion that courts have wide discretion to award fees over and above this statutory cap unavailing. Accordingly, Reimer is entitled to 25% of $5,866.39, or $1,471.60

in attorneys' fees in connection with his breach contract claim.

> B. Negligence Claim

Although the jury found Kuki'o was negligent, it found that Reimer himself was equally so and accordingly awarded Reimer nothing in damages. Reimer nonetheless asserts that he prevailed on his negligence claim and should be awarded attorney's fees pursuant to HRS § 607-15.5.[1] Reimer, however, fails to cite any authority for this proposition.

Presuming for the sake of argument that Reimer was the prevailing party on his negligence claim, the Hawaii Supreme Court has held that HRS § 607-15.5 "does not authorize the Court to award attorneys' fees in tort actions or entitle the prevailing party to recover fees in tort actions." Kamalu v. Paren, Inc., 132 P.3d 378, 384 (Haw. 2006). Rather, HRS § 607-15.5 "provides merely for a limitation on attorneys' fees to a reasonable amount in tort actions that would otherwise be allowed." Id. at 384; see also Shoemaker v. Takai, 561 P.2d 1286, 1291 (Haw. 1977) ("Under the traditional American Rule, followed in Hawaii, attorney's fees cannot be recovered where not so provided by statute, stipulation, or agreement."); Restatement (Second) of Torts § 914 (1979) ("The damages in a tort action do not ordinarily include compensation for attorney fees or other expenses of

---

[1] Reimer cites the language of HRS § 607-15.5, but incorrectly attributes this language to HRS § 607-14. Accordingly the Court construes Reimer's argument as if it were based on HRS § 607-15.5.

5

the litigation.").

In addition to the unavailing assertion that HRS § 607-15.5 authorizes a fee award, Reimer asserts that the Kuki'o club bylaws, which provides for the award of attorneys' fees and costs associated with arbitration, supports an award of fees arising from trial. The court disagrees. The plain language of the bylaws, Article XXI titled "Dispute Resolution, Arbitration," simply provides that "attorneys' fees and the fees of the arbitrators shall be charged to the party or parties[.]" (Opposition at 4.) The court finds that this provision is only relevant to arbitration and has no bearing on proceedings in federal court. Because Reimer cites no other statute, stipulation, or agreement that would provide for fees in connection with his tort claim, the Court finds Reimer is not entitled to fees in connection with his negligence claim.

Because the fee award of $1,471.60 is so clearly dwarfed by Reimer's actual asserted attorneys' fees, it is unnecessary for the Court to enter into a traditional lodestar analysis of the reasonableness of the hourly rates of, and time expended by, Reimer's counsel.

II.     Costs.

Reimer requests costs in the amount of $103,180.73. This request includes costs of $92,703.85 incurred by the Gundersen Law Firm, and $10,476.88

incurred by the law firm of Hosada and Morikone, LLC.

**Summary of Costs Incurred**

| Category | Gundersen | H&M | Total |
|---|---|---|---|
| Postage /Shipping | $129.83 | | $129.83 |
| Photocopies | $1,431.50 | $473.84 | $1,905.34 |
| Westlaw Research | $847.79 | | $847.79 |
| Court & Process Server Fees | $7,385.98 | $3,075.00 | $10,460.98 |
| Deposition Fees/Transcripts | $3,237.98 | $6,363.09 | $9,601.07 |
| Witness Fees | $9,906.46 | $260.79 | $10,167.25 |
| Mediation | $2,514.28 | | $2,514.28 |
| Expert Witnesses | $31,502.98 | | $31,502.98 |
| Air Travel | $10,082.63 | $204.20 | $10,286.83 |
| Hotel | $24,711.64 | | $24,711.64 |
| Ground Transportation | $952.78 | $99.96 | $1,052.74 |
| | | | |
| **Total** | **$92,703.85** | **$10,476.88** | **$103,180.73** |

Kuki'o asserts that Reimer is not entitled to any costs because Reimer's ultimate recovery was significantly below the $75,000 "amount in controversy" limit set for this Court's diversity jurisdiction under 28 U.S.C. § 1332.[2] Alternatively, Kuki'o asserts that Reimer's recoverable costs should be reduced to $15,205.92 because requested costs are either non-reimbursable or inadequately supported by Reimer's submission.

---

[2] 28 U.S.C. § 1332(b) provides in relevant part, "where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff."

As a threshold matter, the Court finds that federal jurisdiction over this case was not based upon diversity jurisdiction. Rather, Reimer's initial complaint was grounded in federal question jurisdiction over Reimer's ADA claim pursuant to 28 U.S.C. § 1331. After summary judgment for Kuki'o on Reimer's ADA claim, this Court continued to exercise supplemental jurisdiction of Reimer's claims pursuant to 28 U.S.C. § 1367. Accordingly, Kuki'o's argument based upon an amount in controversy requirement is inapplicable to this case.

As to the specific costs sought by Reimer, Federal Rules of Civil Procedure ("FRCP") Rule 54(d)(1) provides that courts have wide discretion in awarding costs to a prevailing party. See K-S-H Plastics, Inc. v. Carolite, Inc., 408 F.2d 54, 60 (9th Cir. 1969). A courts discretion, however, is limited to those costs defined by 28 U.S.C. § 1920. See Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 176 (9th Cir. 1990). Section 1920 limits allowable costs to:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts,
> compensation of interpreters, and salaries, fees, expenses,
> and costs of special interpretation services under section
> 1828 of this title.

Broadly speaking, taxable costs are modest in scope and limited by statute. Taniguchi v. Kan Pacific Saipan, Ltd., 132 S. Ct. 1997, 1999 (2012).

As to the form of a Motion for Costs, Local Rule ("LR") 54.2(c) requires that requested costs be stated "separately and specifically," that requested costs "must be supported by a memorandum setting forth the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law," and that "any vouchers, bills, or other documents supporting the costs being requested shall be attached as exhibits." In light of the substantive limitations of section 1920 and the procedural requirements of LR 54.2, the Court addresses Reimer's request for costs in two parts based upon the respective expenses of his counsels.

A. <u>Gundersen Law Firm</u>

It is the duty of the party requesting fees and costs to adequately set out the basis for the request. The Court finds that Reimer's request for costs associated with the Gundersen firm is largely inadequate under LR 54.2(c). The Gundersen request is purportedly supported Exhibits 3-5. Exhibit 3 is a chronological

summary of costs totaling $80,020.96, followed by a randomly ordered collection of receipts, some of which relate to items listed in Exhibit 3, some of which do not appear in Exhibit 3, and some of which are simply handwritten notes with an amount written on them. More than 50% of the itemized costs listed in Exhibit 3 do not appear to have any corresponding receipt or verifying documentation. Moreover, it is unclear why costs of $92,703.85 are supported by an itemized summary totaling $80,020.96. Exhibit 4 simply repeats the summary of costs stated in Reimer's memorandum in support, and Exhibit 5 is a two page Bill of Costs that reiterates Gundersen's total costs of $92,703.85, but provides no additional support.

In light of the requirements of LR 54.2 and the limitations on reimbursable costs under 28 U.S.C. 1920, the Court finds that Reimer's request for costs incurred by the Gundersen Firm should be disposed of as follows:

i. <u>Photocopies</u>

Reimer seeks $1,431.50 for "in house printing" of 4090 pages of letters, pleadings, and other miscellaneous documents at the Gundersen Firm. 28 U.S.C. § 1920(4) provides that "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case," are reimbursable costs. Pursuant to LR 54.2(f)(4), the cost of copies "necessarily obtained for use in a case," but not "for the use and/or convenience of the party

seeking recovery and its counsel" is compensable.  LR 54.2(4) also requires that the party seeking costs describe "the documents copied, the number of pages, the cost per page, and the use of or intended purpose for the items copied."  Reimer fails to show that the Gundersen Firm's "in house" printing costs were for items that were utilized for more than the "use and convenience" of counsel and their client.  See Griffin v. JTSI, Inc., Civ. No. 08-242 ACK-BMK, 2009 WL 5126335 (D. Haw. Dec. 28, 2009) (unreported) (holding that the mere recitation the costs were necessarily incurred did not satisfy the requirements of LR 54.2(F)(4).  Additionally, Reimer's request lacks the specificity and support required by LR 54.2(4).  Accordingly, reimbursement for the Gundersen Firms copying costs should be denied.

## ii.     Court & Process Server Fees

Reimer requests $7,385.98 in costs for court and process server fees, but provides no specific information, no breakdown, and no documentation concerning these fees.  Accordingly, even though court fees are reimbursable under 28 U.S.C. § 1920, Reimer's request should be denied due to his lack of specificity and inadequate support.

## iii.    Westlaw Research

LR 54.2(5) states "electronic or computer research costs are not taxable."  Reimbursement for computer research should therefore be denied.

iv.     Deposition Fees/Transcripts

The Court notes initially that it is unclear precisely what transcript and deposition costs the Gundersen Firm incurred. The Memorandum in support of Reimer's Motion (Doc. 201.), states that the Gundersen Firm incurred $3,237.98 in deposition and transcript fees. Exhibit 3, laying out Gundersen's itemized costs, however, lists deposition costs of $4,387.98 as well as transcript costs of $4,418, which are later duplicated in Hosada and Morikone's list of itemized costs. (Exh. 8.) However, because Kuki'o fails to contest this portion of Reimer's request, the Court finds that $3,237.98 in deposition costs, the amount requested in Reimer's Memorandum, is reimbursable.

v.     Witness Fees

Reimbursement of costs for a litigant's witnesses is expressly limited by 28 U.S.C. § 1821 to $40 per day and reasonable travel expenses "at the most economical rate reasonably available" on a common carrier. 28 U.S.C. §§ 1821(b), (c)(1); see also Crawford fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987) (holding courts may not tax litigant's expert witness costs in excess of limit set by 28 U.S.C. § 1821(b)). Reimer's request for $7,150 for five days of attendance at trial and deposition by Kelly Hoyle and Wade Smith, M.D. is clearly in excess of amount allowed by section 1821(b). Reimbursement for these witnesses' attendance

should be limited to $200 ($40 per day for five days).

In addition, Reimer seeks reimbursement for "subsistence" in the amount of $806.46 for four days for Hoyle, and $1,950 for one day for Smith. Reimer provides no specific support for any expenses associated with Smith, but does provide documentation for Hoyle: $403 for airfare, $329.35 for hotel, $35 for ground transportation, $19.11 for meals, and $20 for parking. The Court finds that $806.46 is "reasonable" reimbursement for Hoyle's expenses pursuant to 28 U.S.C. 1821 and LR 54.2, but that reimbursement for Smith is not appropriate due to the complete lack of specific information or support. In sum, the Court finds that $1006.46 in witness costs is reimbursable.

vi     Mediation

This Court ordered the parties to participate in mediation to resolve a conflict over who would arbitrate this case. (Doc. 55.) The subsequent arbitration involved Reimer's claims for Defamation, Intentional and Negligent Misrepresentation, and Negligent Hiring and Supervision, which were ultimately dismissed by stipulation. Accordingly, mediation in this case had no connection to Reimer's claims for breach of contract on which he was the prevailing party. Therefore the Court finds that the costs of mediation are not reimbursable.

### vii. Expert Witnesses

The costs for expert witnesses, just like the costs of lay witnesses, are expressly limited by 28 U.S.C. § 1821 to $40 per day and reasonable travel expenses "at the most economical rate reasonably available" on a common carrier. 28 U.S.C. §§ 1821(b), (c)(1); see also Crawford fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987) (holding courts may not tax litigant's expert witness costs in excess of limit set by 28 U.S.C. § 1821(b).) Reimer's request for $31,502.98 in costs for expert witnesses is clearly outside of the limits set by section 1821, but because Reimer fails to provide any itemized details about witness expenses the court is unable to divine what costs might otherwise be reimbursable. According the Court finds that the reimbursement for expert witnesses should be denied.

### viii. Air Travel, Hotel, and Ground Transportation

Meals lodging and travel for attorneys are not reimbursable costs under 28 U.S.C. § 1920. See Wahl v. Carrier Mfg. Co., Inc. 511 F.2d 209 (7th Cir. 1975) (holding attorney traveling expenses are not recoverable costs). Reimer contends that under Pinkham v. Camex, Inc., 84 F.3d 292, 294-95 (8th Cir. 1996), these are "reasonable out-of pocket expenses of the kind normally charged to clients by attorneys, and thus should have been included as part of the reasonable attorney's fees." This argument misreads Pinkham by conflating costs that may be included in

a attorney fee award and those permissible under 28 U.S.C. § 1920. As already discussed above, Reimer's attorneys' fee award is limited by statute. Moreover, even if Pinkham were applicable, luxury hotel accommodation is surely not a "reasonable out-of pocket expense."[3] See Pinkham, 84 F.3d at 294 (holding that long distance, fax, messenger service, and express mail were reasonable out-of-pocket expenses for purposes of an attorney's fee award.) Accordingly, the Court finds that costs of travel, lodging, and meals for the attorneys at the Gundersen Firm should not be reimbursed.

  B. Hosada and Morikone

In contrast to the Gundersen Firm, the $10,476.88 in costs incurred by Hosada and Morikone are clearly listed in Exhibit 8 and sufficiently supported by documentation. The Court, however, finds that several of the requested costs are not reimbursable under 28 U.S.C. § 1920.

   i. Pro Hace Vice Filing Fees

Reimer request for $3,075.00 in "Court & Process Server Fees" includes $600 in pro hace vice filing fees. Pro hace vice filing fees are not "fees of the clerk and marshal" under section 1920(1). Kalitta Air L.L.C. v. Central Texas Airborne Systems Inc., 741 F.3d 955, 957 (9th Cir. 2013). Accordingly Reimer's

---

[3] Reimer's cost for accommodation at the Halekulani Hotel, excluding costs for the breakfast buffet, parking, laundry service, and poolside lunch, which were also included in Reimer's request, was $542 per night.

request for Court Fees should be reduced by $600.

       ii.  Transcripts

  The cost of transcripts are recoverable under 28 U.S.C. § 1920, but only when it is demonstrated that they are "reasonably necessary for trial." Yasui v. Maui Elec. Co., Ltd., 78 F.Supp.2d 1124, 1126 (D. Haw. 1999). Of the $6,363.09 Reimer requests for "Deposition Fees/Transcripts," $4,807.97 is for transcripts: of the final pretrial conference ($167.59), the hearing on Motions in Limine ($53.14), and all eight days of trial ($4,418). Although Reimer's reply addresses the need for the final pretrial and hearing transcript, Reimer fails to show why full trial transcripts of every day of trial were "reasonably necessary for trial." See Rodriguez v. General Dynamics Armament and Technical Products, Inc., 775 F.Supp.2d 1217, 1220 (D. Haw. 2011) (holding that mere recitation that transcripts assisted in presenting accurate final argument and cross examination of later witnesses was insufficient to show transcripts were reasonably necessary where counsel routinely ordered transcripts for each day of trial). Accordingly, the Court finds that Reimer's request for "Deposition Fees/Transcripts" associated with Hosada and Morikone should be reduce by $4,418.

  The Court finds that the remainder of Hosada and Morikone's costs for copying, Witness Fees, and Air and Ground Transportation for witnesses are

reasonable and within the parameters established by 28 U.S.C. § 1920 and LR 54.2.

As set out in the preceding discussion, the Court finds that reimbursement of the following costs is appropriate.

| Category | Gundersen | H&M | Total |
|---|---|---|---|
| Postage /Shipping | $129.83 | | $129.83 |
| Photocopies | | 473.84 | |
| Westlaw Research | | | |
| Court & Process Server Fees | | $2,475.00 | $2,475.00 |
| Deposition Fees/Transcripts | $3,237.98 | $1,945.09 | $4,793.07 |
| Witness Fees | $1,006.46 | $260.79 | $1,267.25 |
| Mediation | | | |
| Expert Witnesses | | | |
| Air Travel | | $204.20 | $204.20 |
| Hotel | | | |
| Ground Transportation | | $99.96 | $99.96 |
| | | | |
| **Total** | **$4,374.27** | **$5,458.88** | **$9,833.15** |

CONCLUSION

For the foregoing reasons, the Court Finds at Recommends that Reimer's Motion for Attorneys' Fees and Costs be GRANTED IN PART AND DENIED IN PART.   The Court recommends that Reimer be awarded $1,471.60 in attorneys' fees, and $9,833.15 in costs.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 2, 2014



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Jeffrey Reimer v. Kukio Golf And Beach Club, Inc., et al., CIV. NO. 12-00408LEK-BMK, FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS.