IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEFFREY REIMER, an individual, | ) ) ) | CIVIL 12-00408 LEK-BMK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| KUKI'O GOLF AND BEACH CLUB, INC., a Hawaii corporation; MELANIE AIONA, an individual; DOES 1-10; and ROE CORPORATIONS 1-10, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING PLAINTIFF'S OBJECTIONS TO
THE FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS, FILED
ON JULY 2, 2014; AND ADOPTING THE FINDINGS AND RECOMMENDATION**

On July 2, 2014, the magistrate judge filed his Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Fees and Costs ("F&R"). [Dkt. no. 217.] Plaintiff Jeffrey Reimer ("Reimer") filed his objections to the F&R ("Objections") on July 16, 2014. [Dkt. no. 219.] Defendant Kuki`o Golf & Beach Club, Inc. ("Kuki`o") filed its response to Reimer's Objections ("Response") on July 18, 2014. [Dkt. no. 220.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Objections, the Response, and the relevant legal authority, the

Objections are HEREBY DENIED and the F&R is HEREBY ADOPTED, for the reasons set forth below.

## BACKGROUND

The basis of this action is set forth in this Court's February 7, 2013 Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment ("2/7/13 Order"):[1]

> Reimer filed his Complaint in the instant case on July 19, 2012. In the Complaint, Reimer alleges that he and his wife are members at the Kuki`o Golf and Beach Club [("the Club")] on the island of Hawai`i. A number of years ago, Reimer suffered a severe closed head injury and, as a result, suffers from Traumatic Brain Injury ("TBI"). Because of Reimer's TBI, he "is prone to make off-hand comments." [Compl. at ¶¶ 7, 9-11.]
>
> On January 13, 2012, Reimer made such a comment when engaging in a conversation with his therapist, Ms. Hoyle, at the Club. Defendant Aiona overheard the comment and complained to the Club's management that Reimer had "verbally assaulted her . . . , even though Reimer never talked to, or engaged in a conversation with [her.]" [Id. at ¶ 29.] Reimer alleges that Defendant Aiona has "unreasonable and unjustified sensitivities to statements she overhears from Club members and guests" as a result of her previous involvement in a 2010 employment discrimination arbitration (the "Van Calcar Arbitration"). [Id. at ¶ 31.]

2013 WL 504866, at *1 (some alterations in 2/7/13 Order). On January 15, 2012, as a result of Aiona's complaint, Kuki`o suspended Reimer's Club membership. Reimer responded to the suspension letter by apologizing and clarifying that the comment

---

[1] The 2/7/13 Order is also available at 2013 WL 504866.

was the result of his TBI and was not directed at Aiona. He also requested a formal hearing pursuant to the Club's governing documents. The Complaint alleged that the suspension violated the Club's bylaws, which provide that a member's Club privileges must continue during the pendency of an investigation. The Club, however, did not schedule a formal hearing regarding the suspension and did not reinstate his membership privileges. Id. (citing Compl. at ¶¶ 32-34, 36-39).

The Complaint alleged the following claims: violation of the Americans with Disabilities Act ("ADA") (Count I); breach of contract (Count II); breach of the covenant of good faith and fair dealing (Count III); defamation (Count IV); intentional misrepresentation (Count V); negligent misrepresentation (Count VI); negligent hiring and retention (Count VII); negligent supervision (Count VIII); negligence (Count IX); and declaratory relief (Count X). Based on the dispute resolution provision in the Club's bylaws, this Court "sever[ed] Counts IV, V, VI, VII, VIII, and the portions of Count IX claiming negligence against Defendant Aiona and against the Club in connection with its handling of the Van Calcar Arbitration settlement, and direct[ed] the parties to submit these claims to mediation, and, if necessary, arbitration." Id. at *7.

In the April 11, 2013 Order Granting Defendants' Motion for Partial Summary Judgment ("4/11/13 Order"), this Court

granted summary judgment in favor of Defendants as to Count I. [Dkt. no. 53.[2]]

On April 14, 2014, this Court approved the parties' stipulation to: dismiss Counts IV, V, VI, VII, and VIII; dismiss certain portions of Count IX; dismiss Defendant Melanie Aiona's ("Aiona") Counterclaim; and cancel the arbitration. [Dkt. no. 163.] Thus, the only claims that proceeded to trial were claims against Kuki`o - Count II, Count III, and the portion of Count IX based on the suspension and disciplinary matter.[3]

The jury trial began on April 15, 2014 with jury selection and opening statements. The parties presented evidence on April 16, 17, 18, and 23. The evidence presented at trial was consistent with the allegations in the Complaint, except that Kuki`o presented testimony challenging Reimer's evidence that the comment he made was the result of his TBI, as well as testimony that the comment was in fact directed at Aiona. There was also evidence that Kuki`o reinstated Reimer's Club privileges in a letter dated March 23, 2012, but Reimer never went back to the Club because he believed that the reinstatement was conditional. He testified that he could not comply with the conditions because of his TBI.

---

[2] The 4/11/13 Order is also available at 2013 WL 1501522.

[3] When necessary, this Court will refer to Kuki`o and Aiona collectively as "Defendants."

4

The parties presented closing arguments and the jury began deliberations on April 24, and the jury returned its verdict on April 25. The jury found in favor of Reimer as to Counts II and III. As to Count IX, the jury found that Kuki`o was negligent, but it also found that Reimer was negligent, and it found that Kuki`o and Reimer were each fifty percent negligent. [Special Verdict Form Part 1, filed 4/25/14 (dkt. no. 188).] The jury found that Reimer's damages for Counts II and III were $7,163.93,[4] but it reduced his damages by $1,297.54 because he failed to reasonably mitigate his damages. The jury also found that Reimer had no damages for Count IX. [Special Verdict Form Part 2, filed 4/25/14 (dkt. no. 189).]

On April 30, 2014, the Clerk of Court entered final judgment in favor of Reimer in the amount of $5,866.39. [Dkt. no. 191.]

On May 9, 2014, Reimer filed his Motion for Attorneys' Fees and Costs ("Fee Motion"). [Dkt. no. 201.] Reimer seeks $503,459.75 in attorneys' fees and $103,180.73 in costs. The majority of Reimer's request for costs, $92,703.85 incurred by the Gunderson Law Firm, is presented in the form of a Bill of Costs. [Fee Motion, Aff. of Catherine A. Reichenberg, Esq.

---

[4] Kuki`o presented evidence that this amount represented the portion of Reimer's annual Club membership fee attributable to the period from the suspension on January 15, 2012 to reinstatement on March 23, 2012.

5

("Reichenberg Aff."), Exh. 5 ("Gunderson Bill of Costs").] In the F&R, the magistrate judge recommends that this Court award Reimer $1,471.60 in attorneys' fees and $9,833.15 in costs. [F&R at 1, 18.]

In the Objections, Reimer raises a general challenge to the F&R as a whole, and he raises three specific objections to the recommended award of costs.

## **STANDARD**

This Court reviews a magistrate judge's findings and recommendations under the following standard:

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").
>
> Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

PJY Enters., LLC v. Kaneshiro, Civil No. 12-00577 LEK-KSC, 2014 WL 3778554, at *2 (D. Hawai`i July 31, 2014) (alteration in PJY) (citation omitted).

## DISCUSSION

### I. Scope of Review

In the Objections, Reimer first argues that he is entitled to all of the fees and costs that he requests in his Fee Motion. He therefore objects to the F&R in its entirety. [Objections at 2.] Reimer, however, only raised specific objections regarding: the witness fees for Wade Smith, M.D., and Jay Schroeder, M.D.; counsel's in-house copying costs; and the copying costs for Dr. Smith's and Dr. Schroeder's medical records, which were made available to each of the doctors for use during his testimony. Reimer states that he raises these specific objections "without waiving any of his arguments." [Id.]

The Ninth Circuit has recognized that a district court is only required to review the portions of the magistrate judge's findings and recommendations that are objected to. Reyna-Tapia, 328 F.3d at 1121 (9th Cir. 2003) (stating that § 636(b)(1)(C) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise"). Further, Local Rule 74.2 requires that a party's objections to the magistrate judge's

7

findings and recommendation "**specifically identify** the portions of the order, findings, or recommendations to which objection is made and **the basis for such objections**." (Emphases added.) Reimer failed to raise a specific objection to any portion of the F&R other than the three types of costs described above. Based on the applicable legal authority, this Court finds that Reimer waived all other objections to the F&R. Thus, the scope of this Order is limited to those three types of costs.

As to the aspects of the F&R that Reimer did not object to, this Court ADOPTS those portions of the F&R as the order of this Court.

## II. Witness Fees

The F&R states:

> Reimbursement of costs for a litigant's witnesses is expressly limited by 28 U.S.C. § 1821 to $40 per day and reasonable travel expenses "at the most economical rate reasonably available" on a common carrier. 28 U.S.C. §§ 1821(b), (c)(1); see also Crawford fitting [sic] Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987) (holding courts may not tax [a] litigant's expert witness costs in excess of limit set by 28 U.S.C. § 1821(b)). Reimer's request for $7,150 for five days of attendance at trial and deposition by Kelly Hoyle and Wade Smith, M.D. is clearly in excess of amount allowed by section 1821(b). Reimbursement for these witnesses' attendance should be limited to $200 ($40 per day for five days).

[F&R at 12-13.] In the Objections, Reimer argues that: "It is unclear whether or not the Magistrate intended the '$200 ($40 per day for five days)' to apply to each witness that Plaintiff

called that was not also called by Defendant Kuki`o." [Objections at 2.] Reimer assumes that the magistrate judge awarded the $200 in witness fees for Kelly Hoyle, and Reimer argues that he is also entitled to $200.00 for Dr. Smith and $200.00 for Dr. Schroeder. [Id. at 2-3.]

Reimer's Fee Motion, however, only requests witness fees for four days for Ms. Hoyle and for one day for Dr. Smith. It does not request witness fees for Dr. Schroeder. [Gunderson Bill of Costs at 2.[5]] Thus, this Court finds that Reimer is only entitled to $40.00 in witness fees for Dr. Smith, and he is not entitled to any witness fees for Dr. Schroeder. This Court DENIES Reimer's Objections as to his argument that the magistrate judge should have awarded $200.00 in witness fees for Dr. Schroeder and $200.00 in witness fees for Dr. Smith.

In addition, this Court notes that Ms. Hoyle testified on April 16, 2014. Based on the invoices provided for her travel expenses, she was only on Oahu for trial from April 15, 2014 to April 16, 2014. [Reichenberg Aff., Exh. 3 at 26, 42, 46.] This Court therefore FINDS that Reimer is only entitled to two days of

---

[5] In addition to the costs reflected in the Gunderson Bill of Costs, the Fee Motion also seeks $10,476.88 in costs incurred by Hosoda & Morikone, LLC ("H&M"). This includes $260.79 in witness and mileage fees. [Fee Motion, Decl. of Lyle S. Hosoda ("Hosoda Decl.") at ¶ 11.] The amount, however, did not include a request for Dr. Schroeder. [Hosoda Decl., Exh. 8.] The magistrate judge found that Reimer is entitled to the $260.79 in witness and mileage fees. [F&R at 17.]

9

witness fees, *i.e.* $80.00, for Ms. Hoyle.  This Court, however, declines to adjust the award recommended in the F&R.

**III. In-House Photocopying Costs**

The F&R states:

> Reimer seeks $1,431.50 for "in house printing" of 4090 pages of letters, pleadings, and other miscellaneous documents at the Gundersen [sic] Firm.  28 U.S.C. § 1920(4) provides that "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case," are reimbursable costs.  Pursuant to LR 54.2(f)(4), the cost of copies "necessarily obtained for use in a case," but not "for the use and/or convenience of the party seeking recovery and its counsel" is compensable.  LR 54.2(4) also requires that the party seeking costs describe "the documents copied, the number of pages, the cost per page, and the use of or intended purpose for the items copied."  Reimer fails to show that the Gundersen [sic] Firm's "in house" printing costs were for items that were utilized for more than the "use and convenience" of counsel and their client.  See Griffin v. JTSI, Inc., Civ. No. 08-242 ACK-BMK, 2009 WL 5126335 (D. Haw. Dec. 28, 2009) (unreported) (holding that the mere recitation the costs were necessarily incurred did not satisfy the requirements of LR 54.2(F)(4).  Additionally, Reimer's request lacks the specificity and support required by LR 54.2(4).  Accordingly, reimbursement for the Gundersen [sic] Firms copying costs should be denied.

[F&R at 10-11.]

In the Objections, Reimer argues that he has presented sufficient evidence that the copies were necessarily obtained for use in the case.  [Objections at 3 (citing Reply in Supp. of Fee Motion, filed 5/29/14 (dkt. no. 212) ("Fee Reply"), at 8; Fee Reply, Decl. of Catherine A. Reichenberg, Esq. ("Reichenberg

10

Reply Decl.")).] According to the Fee Reply, the $1,431.50 "was for 4,090 copies at the rate of $.35 for sending copies of letters and pleadings to opposing counsel and/or for the Court, making copies of documents for depositions, making copies of documents for trial preparation of witnesses and exhibit binders." [Reichenberg Reply Decl. at ¶ 3.]

First, Local Rule 54.2(f)(4) states that "the practice of this court is to allow taxation of copies at **$.15 per page** or the actual cost charged by commercial copiers, provided such charges are reasonable." (Emphasis added.) The requested rate reflected in the Gunderson Bill of Costs exceeds the rate allowed under the Local Rule. Further, Ms. Reichenberg's cursory explanation of the type of documents copied in general and the uses of those copies is not sufficient to comply with Local Rule 54.2(f)(4). Counsel must state, for each document copied: a description of the document; the number of pages in the document; and the intended use of the copies made. General descriptions of the types of copies made over the duration of the entire litigation do not suffice. This Court agrees with the magistrate judge's analysis of Reimer's request for the in-house copying costs incurred by the Gunderson Law Firm, and this Court finds that Reimer failed to establish that he is entitled to an award of those costs.

Reimer's Objections are DENIED as to the in-house copying costs incurred by the Gunderson Law Firm.

## IV. Copying Costs for Medical Records Used at Trial

Finally, Reimer argues that the magistrate judge erred in finding that he is not entitled to an award of the costs incurred to copy the medical records that Dr. Smith and Dr. Schroeder had available to them during their trial testimony. Reimer argues that those copies were necessarily obtained for use in the case because both testified by video-conference. [Objections at 3.] This request is not discussed in the F&R, and it is not clear whether the request is included in the Fee Motion at all.

The fact that Reimer raises a separate objection for this expense from his objection to the Gunderson Law Firm's in-house copying costs suggests that the copying of the medical records was done by a commercial copying service. However, the Gunderson Bill of Costs and the Gunderson Law Firm's Summary of Costs Incurred, [Reichenberg Aff., Exh. 4,] only reflects the in-house copying costs. They do not contain a request for commercial copying costs. Reimer requested $473.84 in copying costs for H&M, and the magistrate judge found that Reimer is entitled to that amount. [Hosoda Decl., Exh. 8 at 6; F&R at 17.] Thus, there is no request for, or documentation of, the costs that Reimer's counsel incurred for the copying of the medical

12

records used during Dr. Smith's and Dr. Schroeder's testimony. Reimer has failed to establish that he is entitled to an award of those costs under Local Rule 54.2(f)(4).

Reimer's Objections are therefore DENIED as to the costs for the copying of Dr. Smith's and Dr. Schroeder's medical records used at trial.

## **CONCLUSION**

On the basis of the foregoing, Reimer's objections to the magistrate judge's July 2, 2014 Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Fees and Costs are HEREBY DENIED, and the magistrate judge's F&R is HEREBY ADOPTED.

Reimer's Motion for Attorneys' Fees and Costs, filed May 9, 2014, is therefore GRANTED IN PART AND DENIED IN PART. The Fee Motion is GRANTED insofar as this Court AWARDS Reimer $1,471.60 in attorneys' fees and $9,833.15 in costs, for a total award of $11,304.75. The Fee Motion is DENIED in all other respects. This Court ORDERS Kuki`o to pay the award to Reimer, through his counsel, by no later than **October 30, 2014.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 29, 2014.



      /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JEFFREY REIMER VS. KUKI`O GOLF & BEACH CLUB, INC., ET AL; CIVIL 12-00408 LEK-BMK; ORDER DENYING PLAINTIFF'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS, FILED ON JULY 2, 2014; AND ADOPTING THE FINDINGS AND RECOMMENDATION**